# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>DJAVON HOLLAND | HON. PETER G. SHERIDAN<br><br>CRIM. NO. 21-871 (PGS)<br><br>MEMORANDUM AND ORDER |

This case is before the Court on Defendant Djavon Holland's application to approve and appoint an evaluation by a Neil H. Blumberg, M.D. of Timonium, Maryland, a forensic psychologist, in support of the defenses of insanity and entrapment. (ECF No. 104, 105, 113). More specifically, this memorandum addresses the scope of Holland's entrapment defense, namely, the legal standard that Dr. Blumberg may rely upon in rendering his opinion. Mr. Holland has requested that the standard include that he had "particular susceptibility to inducement" at the time of the incident because of Holland's mental faculties. (ECF Nos. 109, 119). This Memorandum and Order therefore addresses the propriety of incorporating the term "particular susceptibility" as part of the legal standard upon which the expert will rely when evaluating Holland.

1

I.

Several months ago, Holland's application for appointment of Dr. Blumberg appeared to be a routine matter. However, since Holland is proceeding *pro se*, the Court became concerned about the legal standard and instructions that Holland would impart to Dr. Blumberg  The Court therefore set forth proposed legal standards for Dr. Blumberg to utilize when undertaking his evaluation of Holland. The Court drafted a proposed form of Order (Draft Order 1) and distributed it to the parties for comment (ECF No. 113). In his response, Holland included proposed amendments to the proposed form of order. More specifically, Holland asserted that his "particular susceptibility to inducement" is relevant to the [entrapment] inquiry. *United States v. Castro*, 776 F.2d 1118, 1128-30 (3d Cir. 1985).

Entrapment is defined and explained in the Third Circuit Pattern Criminal Jury Instruction (§8.05). The model jury charge does not include the term "particular susceptibility." As the Court understands Mr. Holland's application, he seeks to amend the model jury charge to include the term "particular susceptibility" as part of the predisposition or lack of predisposition element of the entrapment defense. The defense of entrapment includes two inquires: (1) whether the government induced defendant to commit the offense; and (2) whether defendant was predisposed, that is, ready and willing to the commit the offense

2

before being approached by the government. "The basic question in an alleged entrapment case is whether the accused was ready and willing to commit the crime if any opportunity should be presented, or whether a person not otherwise disposed to wrongdoing was corrupted by some overreaching or special inducement . . ." *Dennis*, 826 F.3d at 692 (3d Cir. 2016) (*quoting United States v. Watson*, 489 F.2d 504, 509 (3d Cir. 1973). A defendant willfully commits an offense when the defendant acted with purpose to disobey or disregard the law.[1]

The government has the burden of persuasion on entrapment while the defendant has the burden of production as described by the Third Circuit as follows:

> To make an entrapment defense a defendant must come forward with some evidence as to both inducement and non-predisposition. After the defendant has made this showing, which is a burden of production, the government then has the burden of proving beyond a reasonable doubt that it did not entrap the defendant. This court thus follows the so-called unitary approach, whereby after the defendant has made his original showing, the burden falls on the prosecution to prove beyond a reasonable doubt that the defendant was not entrapped.

*United States v. El-Gawli*, 837 F.2d 142, 145 (3d Cir. 1988).

More particularly, Mr. Holland has the burden of production of showing a lack of predisposition to commit the crime. *United States v. Dennis*, 826 F.3d 683, 690 (3rd Cir. 2016); *United States v. Lakhani*, 480 F.3d 171, 179 (3d Cir. 2007),

---

[1] Third Circuit Pattern Criminal Jury Instruction 5.05

*citing Mathews v. United States*, 485 U.S. 58, 63 (1988); *United States v. Wright*, 921 F.2d 42, 44 (3d Cir. 1990). The most important factor in establishing a lack of predisposition is the defendant's reluctance to commit the offense. *United States v. Fedroff*, 874 F.2d 178, 183-84 (3d Cir.1989). As noted above, "the basic question in an alleged entrapment case is whether the accused was ready and willing to commit the crime if any opportunity should be presented, or whether a person not otherwise disposed to wrongdoing was corrupted by some overreaching or special inducement . . ." *Dennis*, 826 F.3d at 692 (3d Cir. 2016)(*quoting United States v. Watson*, 489 F.2d 504, 509 (3d Cir. 1973).

The proffer of evidence presented by Holland is whether, within a reasonable degree of medical certainty, Holland has or had any psychological impediments at the time of the incident that may have impacted his judgment. More specifically, the *Dennis* court found that defendant's mental faculties at the time of the conduct impacted "[h]is ability to correct his thinking, his ability to reason or ... to infer what the consequences are of a thought that he has." *Dennis*, 826 F.3d at 690-91 (3d Cir. 2016). In *Dennis*, the Third Circuit determined that defendant suffered from neurocognitive impairments that weakened "[h]is ability to correct his thinking, his ability to reason or . . . to infer what the consequences are of a thought that he has . . . ." *Dennis*, 826 F.3d at 689-92 (3d Cir. 2016). The expert in *Dennis* concluded that Dennis suffered with neurocognitive impairments

4

-- with an IQ score of 74. *Id.* Based on this finding, the expert testified that the condition negatively impacted the defendant's ability to reason and found the condition made defendant more likely to be influenced by others. *Id.* This is the factor Holland seeks to develop in order to meet his burden of production.

Mr. Holland further argues and submits that Dr. Blumberg may opine on whether "a defendant's particular susceptibility to inducement is relevant to the inquiry." (ECF No. 119-1). Although the term "particular susceptibility" is referenced in *Castro,* it was not the holding in that case. Contrary to the defendant's particular susceptibility assertion, the Third Circuit in *Castro* was more concerned about the refusal to charge entrapment as a defense than the use of the word "susceptibility." The Third Circuit did not specifically address the propriety of the word "susceptibility" within its holding. *United States v. Castro*, 776 F.2d 1118, 1128-30 (3d Cir. 1985).

Therefore, *Castro* does not support Mr. Holland's assertion that his particular susceptibility is relevant to the inquiry of inducement. Rather, the issue is whether Holland's mental condition affected Holland's ability to reason and appreciate the consequences of his actions at the time of the crime. This is relevant to defendant's burden of production to show a lack of predisposition. See, *United States v. Dennis*, 826 F.3d 683, 690 (3rd Cir. 2016).

5

The relevant question for the named expert as to Mr. Holland's entrapment defense is thus whether Mr. Holland suffered from a severe mental disease or defect at the time the act(s) constituting the offense(s) was (were) committed, impairing Mr. Holland's ability to "correct his thinking, his ability to reason or ... to infer what the consequences are of a thought that he has." *Dennis*, 826 F.3d at 689-92 (3d Cir. 2016). Such a finding is relevant to the defendant's burden of production on Holland's lack of predisposition. *Dennis*, 826 F.3d at 692 (3d Cir. 2016)(citing *United States v. Watson*, 489 F.2d 504, 509 (3d Cir. 1973).

## ORDER

**IT IS** on this 25 day of July, 2023,

**ORDERED** that the application of Holland to include within his burden of production the term "particular susceptibility" language is denied.

_____
PETER G. SHERIDAN, U.S.D.J.